David B. Shemano (State Bar No. 176020)
dshemano@pwkllp.com
Scott F. Gautier (State Bar No. 211742)
sgautier@pwkllp.com
Julian I. Gurule (State Bar No. 252160)
jgurule@pwkllp.com
PEITZMAN, WEG & KEMPINSKY LLP
10100 Santa Monica Boulevard, Suite 1450
Los Angeles, CA 90067
Telephone: (310) 552-3100
Facsimile: (310) 552-3101

Proposed Counsel for Debtor and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| In re: | Case No.: 2:10-19972 |
|---|---|
| CLOSET WORLD, INC., a Delaware corporation, | Chapter 11 |
| Debtor. | MOTION FOR JOINT ADMINISTRATION OF ESTATES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF GERARD A. THOMPSON |
| | [No hearing required pursuant to LBR 1015-1(b)] |

Closet World, Inc. ("CWI" or the "Debtor"), as debtor and debtor in possession in the above-captioned case (the "Case"), hereby moves (the "Motion") on an *ex parte* basis pursuant to Local Bankruptcy Rule 1015-1(b) for an order authorizing the joint administration of the Case with the related chapter 11 cases of Home Organizers Inc. ("Home Organizers"), Case No. 2:10-19762, CBD Franchising, Inc., Case No. 2:10-19973, Closets By Design, Inc., Case No. 2:10-19974, Closet Dimensions, Inc., Case No. 2:10-19975, Home Closets Inc., Case No. 2:10-19976, CBD Las Vegas LLC, Case No. 2:10-19977, and Closet World Arizona, LLC, Case No. 2:10-19978 (together, the "Related Home Organizers Cases"), pending before the Bankruptcy Court for the Central District of California.[1] The Motion is based upon the following Memorandum of Points and Authorities, the

---

[1] Motions for joint administration are being filed in each case concurrently.

1

1  attached declaration of Gerard A. Thompson, and any other evidence that may be presented in support
2  of the Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**RELIEF REQUESTED**

By the Motion, the Debtor requests that the Court authorize the joint administration of the Related Home Organizers Cases, thereby relieving the Court, the estates, and parties in interest of the undue burden and expense attendant with the separate administration of the cases.

**II.**

**JURISDICTION AND VENUE**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 157. This matter concerns the administration of this bankruptcy estate and is accordingly a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue of this case is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein are sections 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("FRBP") and Local Bankruptcy Rule 1015-1(b).

**III.**

**FACTUAL BACKGROUND**

The Debtor is part of a family of companies controlled, directly or indirectly, by Home Organizers (collectively, the "Operating Subsidiaries," and together with the Debtor and Home Organizers, the "Company"). The Company is one of the largest custom closet and home organization companies in the United States, with several brand names, products and a nationwide franchise network. The Company is headquartered in Whittier, California.

In 2004, the Company entered into a lending relationship with Madison Capital Funding LLC ("Madison"). Currently, the Company is indebted to Madison in the amount of $9 million, which indebtedness is secured by substantially all assets of the Company. Pertinently, the indebtedness is secured by, among other collateral, a pledge of the Home Organizer's equity interest in the Operating Subsidiaries (the "Pledge").

3

In or about June 2009, the Company committed certain events of default under the loan agreement with Madison. Until recently, Madison did not exercise any rights and remedies while the Company and Madison attempted to restructure the indebtedness consensually.

On March 9, 2010, Madison purported to exercise certain rights and remedies under the loan agreement. Specifically, Madison gave notice (the "Notice") that it was exercising its rights under the Pledge to prohibit Home Organizers from exercising any voting rights with respect to the equity interests until the Company cured all defaults, and, instead, Madison would exercise the voting rights. Madison then purported to exercise the voting rights to replace the existing directors of the Operating Subsidiaries with a new director chosen by Madison (the "Madison Director").

The Company disputes that Madison properly exercised rights and remedies with respect to the equity interests and disputes that the Madison Director was properly appointed. On March 16, 2010, in the midst of what the Company believed to be good-faith negotiations to resolve such issues, and without any notice to the Company, Madison obtained a temporary restraining order (the "TRO") from a State Court in Cook County, Illinois, that purports to enjoin, among other entities, Home Organizers from exercising any rights or taking any actions inconsistent with (i) the Notice, and (ii) the rights and obligations of the Madison Director, including wrongfully filing, or causing to be filed, a petition for relief under the United States Bankruptcy Code on behalf of the Company without the consent of the Madison Director.

In order to preserve its rights in and control over the Operating Subsidiaries for the benefit of all constituencies, Home Organizers commenced its chapter 11 case on March 16, 2010, thereby triggering the automatic stay under section 362(a) of the Bankruptcy Code, which (1) enjoins Madison from exercising any rights and remedies it may have in relation to Home Organizers or property of such estate, including any rights or remedies with respect to its equity interest in the Operating Subsidiaries, which is property of the bankruptcy estate, (2) enjoins enforcement of the TRO, and (3) permits Home Organizers to vote the equity interests.

///

///

4

## IV.

## ARGUMENT

**A.  The Related Home Organizers Cases Should be Jointly Administered Under Rule 1015(b).**

FRBP 1015(b)(4) empowers the court to order the joint administration of bankruptcy cases of separate entities "[i]f… two or more petitions are pending in the same court by or against . . .a debtor and an affiliate…" Further, Local Bankruptcy Rule 1015-1(b) provides that:

> If 2 or more cases are pending before the same judge, an order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to FRBP 1015, supported by a declaration establishing that the joint administration of the cases is warranted, will ease the administrative burden for the court and the parties, and will protect creditors of the different estates against potential conflicts of interest.

"Affiliate," is defined by the Bankruptcy Code to include an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor…" 11 U.S.C. § 101(2).

Here, joint administration is particularly appropriate. Because the Debtor is part of a family of entities that are collectively involved in the dispute with Madison that precipitated the Home Organizer's bankruptcy filing and the subsequent bankruptcy filings of the Operating Subsidiaries, joint administration will allow a single court to hear and decide the issues of this case. If joint administration is not granted, the Debtor will be forced to litigate various issues with Madison, and potentially other creditors, while Home Organizers (and the other Operating Subsidiaries) litigate similar, if not identical, matters in their respective chapter 11 cases. Such a result would not only be inefficient, but the duplication of matters likely would result in a significant waste of the Debtor's limited resources, as well as those of the creditors, other parties in interest and this Court.

Further, the Court should order the joint administration of the Related Home Organizers Cases, as authorized by Rule 1015(b)(4), because it will ease the burden on the Court and on the Debtor's creditors, without prejudicing any party in interest. Joint administration should be ordered because the Debtor is the wholly-owned subsidiary of Home Organizers, and Home Organizers possesses no material assets other than its interest in the Debtor, and the other Operating Subsidiaries. Therefore, to

ease the Court's administrative burden, it is appropriate for the Related Home Organizers Cases to be administered together. Furthermore, the Company has many common creditors and business relationships, such as contractual relationships, with third parties. Absent joint administration, those creditors and interested parties would receive multiple versions of the same notices and pleadings, and would have to sort through and keep track of each document to ensure that any differences between seemingly identical documents, if any, could be distinguished, and to be sure that they were receiving notice of all relevant matters.

Additionally, the rights of the Debtor's respective creditors and other interested parties will not be adversely affected by joint administration of these Cases. Each creditor may still file its claim against the particular estate that allegedly owes it money. The Debtor, Home Organizers and the other Operating Subsidiaries will continue to operate, as they have in the past, as separate and distinct entities, and will continue to maintain separate books and records to reflect all intercompany and third-party transactions during the pendency of their chapter 11 Cases.

The Debtor does not propose at this point to take any action that would constitute substantive consolidation of the estates, but is merely seeking authorization for procedural measures that will simplify and facilitate the efficient administration of their chapter 11 Case. By reason of the foregoing, joint administration of the Related Home Organizers Cases is in the best interests of all interested parties.

V.

**PROPOSED PROCEDURE FOR JOINT ADMINISTRATION**

In order to effectuate joint administration in the cases, the Debtor proposes that the Bankruptcy Court enter an order providing, among other things, the following:

    a.    *Pleadings and Other Papers Filed with the Court.* Except for proofs of claim, the Bankruptcy Court Clerk should maintain the same docket for all pleadings and other papers filed in the Related Home Organizers Cases. The docket(s) shall be maintained under the Home Organizers caption and case number (2:10-19762-RN). Parties in interest shall be directed to use the caption attached hereto as Exhibit A. Each pleading or paper filed, however, shall indicate which of the debtors is affected by or is a party to the subject filing.

      b.    *Proofs of Claim.* Each proof of claim shall have the caption of the case in which it is filed.

      c.    *U.S. Trustee Reporting.* Reports and statements filed with the Office of the United States Trustee shall be filed separately for each of the debtors, unless the U.S. Trustee agrees to some other requirement.

      d.    *Schedules and Statements.* Each of the debtors shall file its own Schedule of Assets and Liabilities and Statement of Financial Affairs.

      e.    *Notice to Creditors.* Upon entry of an order approving joint administration, the Debtor shall transmit to creditors of its estate a notice substantially in the form that is attached hereto as Exhibit B.

      f.    *No substantive consolidation.* Nothing herein shall constitute a finding or order that the debtors' estates shall be or should be substantively consolidated.

## VI.

## CONCLUSION

**WHEREFORE** the Debtor respectfully requests entry of an order (i) directing the joint administration of the Related Home Organizers Cases, and (ii) granting the Debtor such other and further relief as is just.

Dated: March 18, 2010          PEITZMAN, WEG & KEMPINSKY LLP

By:   /s/ Julian I. Gurule
       Scott F. Gautier
       Julian I. Guurle
       Proposed Counsel for Debtor and Debtor-in-Possession

## DECLARATION OF GERARD A. THOMPSON

I, Gerard A. Thompson, hereby declare:

1. I am over 18 years of age and am the Chief Financial Officer of the above-captioned debtor (the "Debtor"). The facts contained in this declaration are based upon my personal knowledge, and if called upon as a witness to testify thereto, I could do so.

2. I make this declaration in support of the Debtor's Motion For Joint Administration Of Estates (the "Motion"). Capitalized terms used here and not otherwise defined shall have the meaning ascribed to them in the Motion.

3. The Debtor is part of a family of companies controlled, directly or indirectly, by Home Organizers (collectively, the "Operating Subsidiaries," and together with the Debtor and Home Organizers, the "Company"). The Company is one of the largest custom closet and home organization companies in the United States, with several brand names, products and a nationwide franchise network. The Company is headquartered in Whittier, California.

4. In 2004, the Company entered into a lending relationship with Madison Capital Funding LLC ("Madison"). Currently, the Company is indebted to Madison in the amount of $9 million, which indebtedness is secured by substantially all assets of the Company. The indebtedness is secured by, among other collateral, a pledge of Home Organizer's equity interest in the Operating Subsidiaries (the "Pledge").

5. In or about June 2009, the Company committed certain events of default under the loan agreement with Madison. Until recently, Madison did not exercise any rights and remedies while the Company and Madison attempted to restructure the indebtedness consensually.

6. On March 9, 2010, Madison purported to exercise certain rights and remedies under the loan agreement. Specifically, Madison gave notice that is was exercising its rights under the Pledge to prohibit Home Organizers from exercising any voting rights with respect to the equity interests until the Company cured all defaults, and instead Madison would exercise the voting rights (the "Notice"). Madison then purported to exercise the voting rights to replace the existing directors of the Operating Subsidiaries with a new director chosen by Madison (the "Madison Director").

7. The Company disputes that Madison properly exercised rights and remedies with respect to the equity interests and disputes that the Madison Director was properly appointed. On March 16, 2010, in the midst of what the Company believed to be good-faith negotiations to resolve such issues, and without any notice to the Company, Madison obtained a temporary restraining order from a State Court in Cook County, Illinois, that purports to enjoin, among other entities, Home Organizers from exercising any rights or taking any actions inconsistent with (i) the Notice, and (ii) the rights and obligations of the Madison Director, including wrongfully filing, or causing to be filed, a petition for relief under the United States Bankruptcy Code on behalf of the Company without the consent of the Madison Director (the "TRO").

8. In order to preserve its rights in and control over the Operating Subsidiaries for the benefit of all constituencies, Home Organizers commenced its chapter 11 case on March 16, 2010, thereby triggering the automatic stay under section 362(a) of the Bankruptcy Code, which (1) enjoins Madison from exercising any rights and remedies it may have in relation to Home Organizers or property of such estate, including any rights or remedies with respect to the equity interest in the Operating Subsidiaries, which is property of the bankruptcy estate, (2) enjoins enforcement of the TRO, and (3) permits Home Organizers to vote its equity interests.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 18th day of March 2010, at Whittier, California.

_____
Gerard A. Thompson

**EXHIBIT A**

1  David B. Shemano (State Bar No. 176020)
   dshemano@pwkllp.com
2  Scott F. Gautier (State Bar No. 211742)
   sgautier@pwkllp.com
3  Julian I. Gurule (State Bar No. 252160)
   jgurule@pwkllp.com
4  PEITZMAN, WEG & KEMPINSKY LLP
   10100 Santa Monica Boulevard, Suite 1450
5  Los Angeles, CA 90067
   Telephone: (310) 552-3100
6  Facsimile: (310) 552-3101

7  Proposed Attorneys for Debtors and
   Debtors-in-Possession
8

9                       **UNITED STATES BANKRUPTCY COURT**
                         **CENTRAL DISTRICT OF CALIFORNIA**
10                              **LOS ANGELES DIVISION**
11

| | |
|---|---|
| 12 In re: | Case No.: 2:10-19762-RN |
| 13 HOME ORGANIZERS, INC., a Delaware corporation, HOME CLOSETS, INC., a California corporation, CBD FRANCHISING, INC., a California corporation, CLOSETS BY DESIGN, INC., a California corporation, CLOSET WORLD, INC., a Delaware corporation, CLOSET DIMENSIONS, INC., a California corporation, CBD LAS VEGAS LLC, a Nevada limited liability company, and CLOSET WORLD ARIZONA, LLC, a Nevada limited liability company,<br><br>                    Debtors. | Chapter 11<br><br>(Jointly Administered with Case Nos.: 2:10-19972, 2:10-19973, 2:10-19974, 2:10-19975, 2:10-19976, 2:10-19977)<br><br>**CAPTION**<br>**Joint Administration** |

**Check One or More as Appropriate:**

Affects All Debtors: ☐
Affects Home Organizers Inc. only: ☐
Affects Home Closets, Inc. only: ☐
Affects CBD Franchising, Inc. only: ☐
Affects Closets By Design, Inc. only: ☐
Affects Closet World, Inc. only: ☐
Affects Closet Dimensions, Inc. only: ☐
Affects CBD Las Vegas LLC only: ☐
Affects Closet World Arizona LLC only: ☐

**EXHIBIT B**

```
 1  David B. Shemano (State Bar No. 176020)
    dshemano@pwkllp.com
 2  Scott F. Gautier (State Bar No. 211742)
    sgautier@pwkllp.com
 3  Julian I. Gurule (State Bar No. 252160)
    jgurule@pwkllp.com
 4  PEITZMAN, WEG & KEMPINSKY LLP
    10100 Santa Monica Boulevard, Suite 1450
 5  Los Angeles, CA  90067
    Telephone: (310) 552-3100
 6  Facsimile:  (310) 552-3101

 7  Proposed Attorneys for Debtors and
    Debtors-in-Possession
 8
```

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| In re: | Case No.: 10-19762-RN |
|---|---|
| HOME ORGANIZERS, INC., a Delaware corporation, HOME CLOSETS, INC., a California corporation, CBD FRANCHISING, INC., a California corporation, CLOSETS BY DESIGN, INC., a California corporation, CLOSET WORLD, INC., a Delaware corporation, CLOSET DIMENSIONS, INC., a California corporation, CBD LAS VEGAS LLC, a Nevada limited liability company, and CLOSET WORLD ARIZONA, LLC, a Nevada limited liability company, <br><br> Debtors. | Chapter 11 <br><br> (Jointly Administered with Case Nos.: 2:10-19972, 2:10-19973, 2:10-19974, 2:10-19975, 2:10-19976, 2:10-19977) <br><br><br> **NOTICE OF JOINT ADMINISTRATION OF RELATED CASES** <br><br> (No Hearing Necessary) |
| **Check One or More as Appropriate:** <br><br> Affects All Debtors:                                ☒ <br> Affects Home Organizers Inc. only:       ☐ <br> Affects Home Closets, Inc. only:            ☐ <br> Affects CBD Franchising, Inc. only:        ☐ <br> Affects Closets By Design, Inc. only:     ☐ <br> Affects Closet World, Inc. only:             ☐ <br> Affects Closet Dimensions, Inc. only:   ☐ <br> Affects CBD Las Vegas LLC only:          ☐ <br> Affects Closet World Arizona LLC only: ☐ | |

11

**TO CREDITORS, THE UNITED STATES TRUSTEE AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that the above-captioned debtors (together, the "Debtors"), are operating as debtors and debtors-in-possession under chapter 11 of the Bankruptcy Code. The Bankruptcy Court has approved joint administration of their cases in the following respects:

1.  <u>Pleadings and Other Papers Filed with the Court</u>. *Except for proofs of claim*, the Court Clerk will maintain the same docket or dockets for all pleadings and other papers filed in the Debtors' cases. The docket(s) will be maintained under the Home Organizers Inc. caption and case number (2:10-19762-RN). Parties in interest are directed to use the caption in the form set forth on the first page of this notice. Each pleading or paper filed, however, should indicate which of the Debtors is affected by or is a party to the subject filing.

2.  <u>Proofs of Claim</u>. The joint caption should not be used for proofs of claim. Each proof of claim should be filed in the applicable case and have the caption of the case in which it is filed.

3.  <u>United States Trustee Reporting</u>. Reports and statements filed with the Office of the United States Trustee will be filed separately for each of the Debtors, unless the United States Trustee agrees to some other requirement.

4.  <u>Schedules and Statements</u>. Each of the Debtors will file its own Schedule of Assets and Liabilities and Statement of Financial Affairs.

Dated: March __, 2010                    PEITZMAN, WEG & KEMPINSKY LLP

By:_____
    Scott F. Gautier
    Julian I. Gurule
    Proposed Attorneys for Debtors and Debtors-in-Possession

| In re: Closet World, Inc., | | CHAPTER 11 |
|---|---|---|
| | Debtor. | CASE NUMBER 2:10-bk-19972-RN |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**10100 Santa Monica Boulevard, Suite 1450, Los Angeles, CA 90067.**

**The foregoing document described <u>Motion for Joint Administration of Estates; Memorandum of Points and Authorities; Declaration of Gerard A. Thompson</u>, will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:**

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 18, 2010**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Christopher S Reeder    creeder@reederlugreen.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **March 18, 2010**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

**Served by Overnight Mail:**
Hon. Richard M. Neiter
United States Bankruptcy Court – Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1652
Los Angeles, CA 90012

**Served by Overnight Mail:**
U.S. Trustee
725 S. Figueroa St.
26th Floor
Los Angeles, CA 90017

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                          **F 9013-3.1**

| In re: Closet World, Inc., | CHAPTER 11 |
|---|---|
| Debtor. | CASE NUMBER 2:10-bk-19972-RN |

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **March 18, 2010** | **Matthew M. Dryer** | **/s/ Matthew M. Dryer** |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                **F 9013-3.1**